UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC, | CASE NO. 1:12-cv-00886-AWI-MJS |
| Plaintiff, | |
| v. | ORDER GRANTING EX PARTE APPLICATION FOR EXPEDITED DISCOVERY |
| JOHN DOES 1 through 32, | |
| Defendants. | (ECF No. 7) |

**I.   BACKGROUND**

Presently before the Court is Plaintiff's motion for expedited discovery. On May 29, 2012, Plaintiff filed a complaint for copyright infringement against several Doe Defendants. (Compl. ECF No. 1.) Plaintiff alleges that it is the owner of the Registered United States Copyrights to sixteen motion pictures, hereinafter the "Works". Plaintiff further alleges that Defendants, without authorization, used BitTorrent, a peer-to-peer file sharing protocol, to unlawfully copy and distribute Plaintiff's sixteen Works. Plaintiff does not know the names of the Defendants, but has identified each Defendant by the IP address assigned by his or her Internet Service Provider ("ISP") on the date and at the time at which the

Defendants' alleged infringing activity was observed. Plaintiff retained IPP, Limited ("IPP") to investigate infringing transactions. IPP identified the 32 Defendants' IP addresses utilizing internet protocol tracking software that scans peer-to-peer file sharing activity. (see Fieser Decl.) According to Plaintiff, only the ISPs who issued the IP addresses connected with the unauthorized downloading have the ability to identify the subscribers associated with the IP addresses. Thus, Plaintiff seeks an order granting expedited discovery to serve Rule 45 subpoenas on the ISPs to discover information related to each Defendant, including names, addresses, telephone numbers, e-mail addresses, and Media Access Control ("MAC") addresses.[1] This information will permit Plaintiff to amend its complaint to state the true name of each Defendant and to meet and confer pursuant to Fed. R. Civ. P. 26(f).

## II. LEGAL STANDARD OF REVIEW

Generally, Rule 26(d) of the Federal Rules of Civil Procedure provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d). Courts in the Ninth Circuit apply a "good cause" test in deciding whether to permit expedited discovery before the Rule 26(f) conference. Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275 (N.D. Cal. 2002); see also Am. LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009); In re Countrywide Financial Corp. Derivative Litig., 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008); Matson & Isom Technology Consulting v. Dell Inc., 2008 WL 3863447 at *2 (E.D. Cal. Aug. 19, 2008); Qwest Commc'ns Int'l, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003) (The "party seeking

---

[1] A MAC address is a number that identifies the specific computer used for the infringing activity.

expedited discovery in advance of [the] Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures.") "Good cause exists 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" In re Countrywide Fin. Corp. Derivative Litig., 542 F. Supp. 2d at 1179 (quoting Semitool, Inc., 208 F.R.D. at 276). The Court must make this evaluation in light of "the entirety of the record . . . and [examine] the reasonableness of the request in light of all surrounding circumstances." Semitool, Inc., 208 F.R.D. at 275 (citation & quotation marks omitted) (emphasis removed); Am Legalnet, Inc., 673 F. Supp. 2d at 1067.

Good cause for expedited discovery is frequently found in cases involving claims of infringement and unfair competition or in cases where the plaintiff seeks a preliminary injunction. Id.; Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liability Co., 204 F.R.D. 675, 676 (D. Colo. 2002). Moreover, several unpublished opinions from federal district courts in California, applying the test in Semitool, found good cause to allow expedited discovery to ascertain the identities of Doe Defendants in copyright infringement actions. See e.g., UMG Recordings, Inc. v. Doe, 2008 WL 4104207 (N.D. Cal. Sept. 4, 2008); Arista Records LLC v. Does 1-43, 2007 WL 4538697 (S.D. Cal. Dec. 20, 2007). In Artista Records LLC, the plaintiffs alleged that unidentified defendants had used an online media distribution system to download and distribute plaintiffs' copyrighted works to the public without permission. Artista Records LLC, 2007 WL 4538697, at *1. Because the plaintiffs were only able to identify each defendant by a unique internet protocol address assigned to that defendant, plaintiffs filed an ex parte application seeking leave to serve immediate discovery on a third-party ISP to identify the defendants' true identities. Id. The court found

good cause to allow expedited discovery based on the plaintiffs' prima facie showing of infringement, the risk that the ISP would not long preserve the information sought, the narrow tailoring of the requests to the minimum amount of information needed to identify the defendants without prejudicing their rights, and the fact that the expedited discovery would substantially contribute to moving the case forward. Id. The court further noted that, without such discovery, plaintiffs could not identify the defendants and would not be able to pursue their lawsuit to protect their copyrighted works from infringement. Id.

### III.   ANALYSIS

Here, Plaintiff has similarly demonstrated its need for expedited discovery. Plaintiff obviously cannot conduct a Rule 26(f) conference with unidentified Defendant and will need to conduct pre-conference discovery to ascertain the Defendant's identities, amend its complaint, and move the case forward. There does not appear to be any other way for Plaintiff to identify the Defendants and pursue the lawsuit to protect its copyrighted motion pictures. Given that plaintiff has identified each Defendant by the IP addresses assigned by his or her ISP, it seems likely that the requested discovery will identify the unknown Defendants. Furthermore, there is some need for exigency given the risk that the information sought may be inadvertently destroyed by the ISPs in the ordinary course of business.

The need for expedited discovery must of course be balanced against the prejudice to the responding party. Semitool, 208 F.R.D. at 276. In this case, the responding parties are various ISPs. It is unclear what prejudice the ISPs will suffer if ordered to produce the information Plaintiff requests. According to Plaintiff's moving papers, there are

approximately 32 IP addresses to be identified.[2] (See Compl., Ex. A, ECF No. 1-1.) It does not seem to be excessively burdensome for these various ISPs to identify such a limited quantity of IP addresses. Moreover, there is little risk of prejudice to the Defendants. "Expedited discovery may be inappropriate where defendants are required to unwarily incriminate themselves before they have a chance to review the facts of the case and retain counsel." Pod-Ners, LLC, 204 F.R.D. at 676 (citations omitted). However, the expedited discovery requested here is narrowly tailored and only seeks the minimum amount of information needed to identify the Defendants. Because the proposed discovery relates to existing identifying information and does not seek early admissions, answers to interrogatories, or depositions during which defendants may "unwarily" incriminate themselves, concerns of prejudice to the Defendants are not present here.

## ORDER

Accordingly, good cause exists for expedited discovery in this matter as Plaintiff's need for the discovery outweighs any prejudice to the ISPs or the unidentified Defendants.

For the reasons discussed above, IT IS ORDERED that:

1. Plaintiff's motion for expedited discovery (ECF No. 7) is granted.

2. Plaintiff may serve immediate discovery on the ISPs (Bright House Networks, Charter Communications, Comcast Cable, Frontier Communications, Road Runner, Unwired Broadband, Verizon Internet Services, and Wave Broadband) to obtain the identity of each Defendant, by serving subpoenas pursuant to Fed. R. Civ. P. 45 that seeks information sufficient to identify each Defendant by name, current and

---

[2] The 11 ISPs are: Bright House Networks, Charter Communications, Comcast Cable, Frontier Communications, Road Runner, Unwired Broadband, Verizon Internet Services, and Wave Broadband.

permanent address, telephone number, e-mail address and MAC address.

3. Any information disclosed to Plaintiff in response to the subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights under Copyright Act.

4. If any of the ISPs wish to move to quash the subpoenas, they shall do so before the return date of the subpoena. If such a motion is brought, the ISPs shall nonetheless preserve the information sought in the subpoena pending resolution of such motion.

5. Plaintiff shall provide a copy of this Order to each ISP when the subpoena is served.

IT IS SO ORDERED.

Dated:   July 31, 2012                         /s/ *Michael J. Seng*
                                               UNITED STATES MAGISTRATE JUDGE